ORDERED.

Dated: September 14, 2010

_____
EILEEN W. HOLLOWELL
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GARY R. GREENE,<br><br>　　　　Debtor. | Chapter 7<br><br>Case No. 4:09-bk-23879-EWH |
| TRUDY A. NOWAK, Chapter 7 Trustee,<br>　　　　Plaintiff,<br>v.<br>LINDA JANE HERSHENSON,<br>　　　　Defendant. | Adv. No. 4:09-ap-01459-EWH<br><br>**MEMORANDUM DECISION** |

## I. INTRODUCTION

A car dealership failed to timely record a creditor's lien interest in a debtor's car after it volunteered to process the title application. After the debtor filed for bankruptcy, the Chapter 7 trustee sought to avoid the creditor's lien. For the reasons explained below, the creditor is entitled to damages against the car dealership in the event that the Chapter 7 trustee successfully avoids the lien.

## II. FACTS AND PROCEDURAL HISTORY

On August 21, 2009, Gary Greene (the "Debtor") purchased a 2009 Honda Fit (the "Honda") for $17,595.00 from Chapman Imports of Tucson, LLC, which does business as Chapman Honda (herein, simply "Chapman") by executing a written purchase contract with Chapman. Because the Debtor was unable to obtain traditional financing, Linda Hershenson ("Hershenson") agreed to finance part of the purchase price. Hershenson wrote a $15,319.02 check to Chapman, and the Debtor executed a Title and Registration Application (the "Title Application"), listing Hershenson as the lien (the "Lien") holder on the Honda. A Chapman employee offered, as a "courtesy," to process the Title Application. Hershenson and the Debtor left the Title Application with Chapman, the Debtor drove off the lot with the Honda, and the Debtor now has possession of it.

Chapman waited to forward the Title Application to a private vehicle title processing agency, Donna's Title, until after Hershenson's check cleared. Donna's Title did not submit the Title Application until September 23, 2009, thirty-three days after the Debtor signed it.

On September 24, 2010, one day after Donna's Title submitted the Title Application, the Debtor filed a Chapter 7 petition. On November 4, 2009, the Chapter 7 trustee, Trudy Nowak (the "Trustee"), initiated an adversary proceeding against Hershenson seeking to avoid the Lien. Hershenson initially answered the complaint pro se, but then retained counsel and amended her answer on February 26, 2010. She

2

denies that the Lien can be avoided, and that issue is still to be decided pending further briefing from the parties.

On March 12, 2010, Hershenson filed a third-party complaint against Chapman, seeking to recover damages if the Trustee avoids the lien. Chapman answered on April 29, 2010. Hershenson moved for summary judgment against Chapman on May 21, 2010 seeking a declaration that Chapman was liable in the event that the Trustee avoids the Lien. Chapman responded to Hershenson's motion and filed a cross motion for summary judgment on July 15, 2010. Hershenson opposed Chapman's motion on July 9, 2010, and Chapman replied on July 23, 2010. Oral argument was held on August 3, 2010. The matter is ready for decision.

### III. ISSUE

Is Chapman liable for damages to Hershenson if the Lien is avoided by the Trustee?

### IV. JURISDICTION

Jurisdiction over this dispute is proper under 28 U.S.C. § 157(b)(1). The parties have consented to the court's jurisdiction pursuant to 28 U.S.C. § 157(c)(2).

### V. DISCUSSION

Summary judgment is appropriate when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a

3

matter of law. Fed. R. Civ. P. 56(c); *Caneva v. Sun Communities Operating L.P.* (*In re Caneva*), 550 F.3d 755, 760-61 (9th Cir. 2008). Whether there is a genuine issue as to a material fact depends on the substantive law at issue. *Id.*; WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 2725.

Arizona law controls the issues raised by the parties. *See, e.g., Mandalay Resort Group v. Miller (In re Miller)*, 292 B.R. 409, 413-14 (B.A.P. 9th Cir. 2003). Hershenson advanced two legal theories: (1) that Chapman is liable for breach of an oral contract in which it agreed to perfect her security interest and/or (2) that when Chapman volunteered to record the Lien, it created a legal duty to do so timely. Because the court finds that Hershenson is correct about Chapman's duty to timely process the Title Application, it need not address her argument that she had an oral contract with Chapman.

A person may be liable for failing to perform an act with due care when he or she voluntarily undertakes it. *Lloyd v. State Farm Mut. Auto.*, 860 P.2d 1300, 1303 (Ariz. 1992) *citing* RESTATEMENT (SECOND) OF TORTS § 323 (1965).

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking.

RESTATEMENT (SECOND) OF TORTS § 323. Arizona expressly adopted § 323, *Thompson v. Sun City Cmty. Hosp.*, 688 P.2d 605, 616 (Ariz. 1984), and § 323 "applies whether the harm to the other or his things results from the defendant's negligent conduct in the

4

manner of his performance of the undertaking, or from his failure to exercise reasonable care to complete it . . . .," RESTATEMENT (SECOND) OF TORTS § 323 cmt. a. While § 323 refers to physical harm, Arizona courts interpret § 323 to reach economic harm as well. *Lloyd*, 860 P.2d at 1303 *citing McCutchen v. Hill*, 710 P.2d 1056, 1059 (Ariz. 1985).

The uncontested evidence demonstrates that Chapman volunteered to process the Title Application, which included perfecting the Lien, when it was left with Chapman, and a Chapman employee said he would process the Title Application as a courtesy. Chapman failed to exercise reasonable care in perfecting the Lien under Arizona law. *See* A.R.S. § 47-9317. An unperfected security interest is vulnerable to subordination by any one of a debtor's creditors who sue and obtain judgment, A.R.S. § 47-9317(A), or the security interest might be avoidable altogether by a bona fide purchaser for value, A.R.S. § 47-9317(B). Arizona courts require strict compliance with the vehicle lien perfection requirements despite sometimes harsh results, *Noble v. Bonnett*, 577 P.2d 248, 250 (Ariz. 1978), therefore, a lien has to be recorded within thirty days to fully protect a lien holder as of the date of purchase, A.R.S. § 28-2133(B) (constructive notice date of creditor's lien is the date of purchase if a title application is received and filed within thirty days). In this case, the Lien was recorded thirty-three days after purchase.

Chapman argues Arizona's statutes impose no duty upon it to timely record the Lien, but it was the operation of the Restatement's § 323 that imposed that duty when Chapman volunteered to process the Title Application—not the statutes. RESTATEMENT

5

(SECOND) OF TORTS § 323. For the foregoing reasons, Hershenson is entitled to summary judgment.

## VI. CONCLUSION

The foregoing constitutes the court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052. Counsel is directed to upload an order declaring Chapman liable for damages should the Trustee successfully avoid the Lien.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following

Gary R. Greene
231 East Highcourte Lane
Tucson, AZ 85737

Trudy A. Nowak
PMB #418
480 E. Ray Rd., #23
Phoenix, AZ 85044-6417

Michael M. Neal
Michael M. Neal, P.C.
110 S. Church Ave., #4298
Tucson, AZ 85701

Steven M. Cox
Waterfall, Economidis, Caldwell, et al
Williams Center Eighth Floor
5201 E. Williams Cr.
Tucson, AZ 85711

| | |
|---|---|
| 1 | Linda Jane Hershenson |
| 2 | P.O. Box 64101<br>Tucson, AZ  85728-4101 |
| 3 | |
| 4 | Richard Aaron Edens<br>Burch & Cracchiolo, PA |
| 5 | 702 E. Osborn Rd., #200<br>Phoenix, AZ 85014 |
| 6 | |
| 7 | Dina L. Anderson<br>Guttilla Murphy Anderson |
| 8 | 5415 East High Street, Suite 200<br>Phoenix, AZ  85054 |
| 9 | |
| 10 | Office of the U.S. Trustee<br>230 North First Ave., Suite 204 |
| 11 | Phoenix, AZ  85003 |

7